Beke NIKQI, Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.

No. 07–0732–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Sandy Khine, New York, NY, for Petitioner.

Daniel E. Goldman, Senior Litigation Counsel, Office of Immigration Litigation (Lisa Arnold, Senior Litigation Counsel, and Shabana Stationwala, of Counsel, on the brief) for Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Beke Nikqi, a native of Kosovo in the former Yugoslavia, seeks review of a January 31, 2007 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Beke Nikqi,* No. A97 513 003 (B.I.A. Jan. 31, 2007), *aff'g* No. A97 513 003 (Immig. Ct.

New York City Jun. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms and supplements the IJ's decision, we review the IJ's decision as modified by the BIA. *See, e.g., Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review factual findings for substantial evidence, *see, e.g., Chambers v. Office of Chief Counsel,* 494 F.3d 274, 277–78 (2d Cir.2007). Questions of law, including what evidence will suffice to discharge an applicant's burden of proof, are reviewed *de novo. Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 117 (2d Cir.2007).

Nikqi claims that he was threatened by and fears persecution from "Albanian extremists" and former Kosovo Liberation Army ("KLA") operatives who took issue with certain articles he wrote and a book he was planning to publish about the war in Kosovo. Upon review, we find no error in the agency's conclusion that Nikqi failed to sustain his burden of proof. The BIA's burden of proof determination was twofold. To begin, the agency noted Nikqi's having testified to certain specific, material facts regarding his alleged persecution in Kosovo which were absent from Nikqi's written asylum application, and found that these inconsistencies cast doubt on Nikqi credibility. The facts which did not appear in the initial application—that the former KLA commander and parliamentary deputy whom Nikqi had interviewed for his book was assassinated shortly thereafter, that Nikqi had written numerous news articles which resulted in threats being made against him and his family, and that these threats had continued against his family since his departure from Kosovo— are central to Nikqi's claims for relief. The IJ acted within its discretion in finding Nikqi's explanation for the omissions—

that he had not included these material details in his application "because of the trauma of the war"—unconvincing, *see Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Consequently, the agency properly relied on the omissions in its assessment of Nikqi's credibility, *see Borovikova v. United States Dep't of Justice,* 435 F.3d 151, 159–60 (2d Cir.2006).

Second, the BIA stated that even if these inconsistencies could not alone sustain an adverse credibility finding, when coupled with Nikqi's failure to submit any of the published or unpublished writings that were central to his persecution claim, the record as a whole supported a conclusion that Nikqi had failed to sustain his burden of presenting a credible claim for relief.

The law recognizes that, in certain circumstances, the BIA may require corroborative documentation, such as for "material facts which are central to [the petitioner's] claim and easily subject to verification." *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000) (quoting *In re S–M–J–,* 21 I. & N. Dec. 722, 725 (B.I.A.1997)). A petitioner may be required to provide an explanation for his failure to produce such evidence if it is reasonably available, *see Edimo–Doualla v. Gonzales,* 464 F.3d 276, 285 (2d Cir.2006).

Nikqi provided no explanation for his failure to produce any of the ten to fifteen articles he had purportedly published in Kosovo, or any book manuscript pages that he acknowledged were in his possession. Although Nikqi did submit a short certificate from the Democratic League in Kosovo which stated that Nikqi had given them a manuscript dedicated to war crimes in the village of Rugove, the agency was not obliged to accept this corroboration in the absence of a copy of the manuscript purportedly in Nikqi's own possession. Consequently, we identify no error

in the agency's conclusion that Nikqi failed to adduce credible evidence sufficient to meet his burden of proof. *See id.; see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007).

Finally, we cannot identify error in the BIA's conclusion that certain events relied on by Nikqi as a basis for his claims did not rise to the level of past persecution on an enumerated ground. Although Nikqi testified that he and his family had received threats of violence on several occasions, he acknowledged that no family member had ever been arrested, detained, or mistreated, and that, since his own departure, his family has continued to live in Kosovo without harm, *see Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999). On this record, the agency was within its discretion in concluding that Nikqi had failed to establish either past persecution or a well-founded fear of future persecution.

As all three of Nikqi's claims were based on the same factual predicate, Nikqi claims for withholding of removal and relief under the CAT similarly fail. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.